# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-10649
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ESTEBAN JIMENEZ-GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-55-1

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Esteban Jimenez-Garcia (Jimenez) pleaded guilty to illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. The district court sentenced him to 57 months of imprisonment.

Jimenez appeals only his sentence, claiming the 16-level increase applied pursuant to Guideline § 2L1.2(b)(1)(A)(ii) constitutes reversible error. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court concluded that Jimenez' prior Virginia conviction of attempted unlawful wounding, a violation of VA. CODE ANN. § 18.2-51, is a crime of violence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Not every sentencing error requires reversal. *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009). When the district court imposes a non-guideline sentence that did not "directly 'result'" from an error in calculating the advisory guideline range, a sentence need not be vacated. *Id.* (citation omitted).

Jimenez contends that the application of the 16-level enhancement is not harmless error. He asserts that his sentence was 27 months greater than the top of the guideline range that would have applied absent that increase, and equal to the bottom of the guideline range that applied with the enhancement. This fact, according to Jimenez, distinguishes the instant matter from circuit precedent and prevents a determination that the sentence did not result from a misapplication of the guidelines. Jimenez claims: the district court believed that it was sentencing within the correct guideline range; it did not intend to depart; and it imposed a sentence using the wrong range.

In *Bonilla*, 524 F.3d at 656, our court affirmed a non-guideline, alternative sentence that the district court imposed under analogous facts. In *Bonilla*, the district court did not comment on the guideline ranges that would have applied with or without the 16-level increase. *See id*. *Bonilla* explained that, prior to imposing the non-guideline sentence, the district court specifically referenced the

parties' claims made before and at sentencing and held that the sentence "did not result from the guideline error". *Id.* at 656-57, 659.

Here, the district court considered the presentence investigation report, Jimenez' objections to it, and the parties' claims at sentencing, and in presentencing briefs, regarding the applicable guideline ranges. The district court explained that, even if the application of the 16-level increase was incorrect, it would have imposed the same sentence "in any event after considering all of the factors contained in Section 3553(a)". The record reflects that the district court determined Jimenez' sentence after having considered the § 3553(a) factors and the facts attendant to Jimenez' sentencing proceeding, including his criminal history, the need to deter Jimenez from future criminal activity, and the need to protect the public. *See Bonilla*, 524 F.3d at 658-59.

AFFIRMED.